IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MARK S. AGNEW,**

        Petitioner,

   v.            CASE NO. 06-3336-SAC

**STATE OF KANSAS,**

        Respondent.

**O R D E R**

   This matter is before the court on a pro se motion filed by a prisoner in the Sedgwick County Jail in Wichita, Kansas. The pleading, titled as a MOTION TO VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255, alleges constitutional error in petitioner's state criminal conviction from which petitioner states his appeal is currently pending.

   Having reviewed petitioner's allegations, the court liberally construes the pleading as a habeas petition seeking relief under 28 U.S.C. § 2254, filed by a person in custody pursuant to a state court judgment. Petitioner submitted neither the $5.00 district court filing fee for his petition as required by 28 U.S.C. § 1914, nor a motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915 without prepayment of the district court filing fee. The court grants petitioner additional time to satisfy one of these statutory requirements.

   The court also directs petitioner to supplement the record with

a petition prepared on a court approved form.  *See* D.Kan. Rule 9.1(a)(habeas petitions "shall be on forms approved by the court and supplied without charge by the clerk of the court upon request").

And finally, the court directs petitioner to show cause why the petition should not be dismissed without prejudice because petitioner has not yet fully exhausted state court remedies on his claims.  "[A] state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).  This requires a state prisoner to give "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process."  Id. at 845.  *See also* 28 U.S.C. § 2254(b)(1)(habeas application by person in custody pursuant to a state court judgment  is not to be granted unless it appears the applicant has exhausted state court remedies, or that such remedies are unavailable or ineffective under the circumstances).

Petitioner is advised that the failure to file a timely response to any of the three directives ordered herein may result in the petition being dismissed without prejudice, and without further prior notice to petitioner.

IT IS THEREFORE ORDERED that petitioner is granted twenty (20) days: (1) to submit either the $5.00 district court filing fee, or a motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915, (2) to supplement the record with a form petition for seeking a writ of habeas corpus under 28 U.S.C. § 2254; and (3) to show

cause why this action should not be dismissed without prejudice based upon petitioner's pending exhaustion of state court remedies.

The clerk's office is to provide petitioner with forms for filing a petition under 28 U.S.C. § 2254, and for seeking leave to proceed in forma pauperis under 28 U.S.C. § 1915.

**IT IS SO ORDERED.**

DATED:  This 20th day of December 2006 at Topeka, Kansas.

s/ Sam A. Crow  
SAM A. CROW  
U.S. Senior District Judge