IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MARK S. AGNEW,**

        **Petitioner,**

    v.             **CASE NO. 06-3336-SAC**

**STATE OF KANSAS,**

        **Respondent.**

**O R D E R**

  Petitioner proceeds pro se on a pleading the court liberally construed as a petition for writ of habeas corpus under 28 U.S.C. § 2254.  By an order dated December 20, 2006, the court directed petitioner to submit either the $5.00 district court filing fee or a motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915, and to amend the petition by the filing of a habeas petition on a court approved form.  Petitioner complied with these directives.  Having reviewed petitioner's limited financial resources, the court grants petitioner leave to proceed in forma pauperis in this habeas action.

  In the order dated December 20, 2006, the court further directed petitioner to show cause why this action should not be dismissed without prejudice to allow petitioner to fully exhaust state court remedies, namely petitioner's pending state court appeal from the challenged state court convictions.

  In response, petitioner acknowledges his pending state court appeal, but argues he is entitled to seek relief directly in this court because his claims have legal merit, and seeks his immediate

release and for his convictions and sentence to be vacated.[1] This is insufficient to establish that state court remedies are unavailable or ineffective under the circumstances. *See* 28 U.S.C. § 2254(b)(1) (§ 2254 habeas application "is not to be granted unless it appears the applicant has exhausted state court remedies, or that such remedies are unavailable or ineffective under the circumstances").

The court thus concludes the petition as amended by the form habeas petition should be dismissed without prejudice.

IT IS THEREFORE ORDERED that petitioner's motion for leave to proceed in forma pauperis in this habeas action is granted.

IT IS FURTHER ORDERED that the petition as amended by petitioner's form petition is dismissed without prejudice.

**IT IS SO ORDERED.**

DATED:  This 3rd day of January 2007 at Topeka, Kansas.


  s/ Sam A. Crow
 SAM A. CROW
 U.S. Senior District Judge

---

[1] In his form habeas petition, petitioner adds a separate claim regarding alleged problems with air quality at the county jail, and the alleged denial of necessary medical care. To the extent petitioner seeks relief for the deprivation of his constitutional rights based on these allegations, it is appropriate to do so in a civil rights action filed under 42 U.S.C. § 1983 after petitioner has exhausted available administrative remedies at the correctional facility, 42 U.S.C. § 1997e(a), and has satisfied the filing fee requirements for a non-habeas civil action filed by a prisoner. *See* 28 U.S.C. § 1915(as amended by the Prison Litigation Reform Act on April 26, 1996).