```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS
```

**MARK S. AGNEW,**

                      Petitioner,

         v.                              CASE NO. 06-3336-SAC

**STATE OF KANSAS,**

                      Respondent.


**O R D E R**

Petitioner proceeds pro se and in forma pauperis on a pleading the court liberally construed as a petition for writ of habeas corpus under 28 U.S.C. § 2254.

By an order dated December 20, 2006, the court directed petitioner to show cause why this action should not be dismissed without prejudice to allow petitioner to fully exhaust state court remedies, namely petitioner's pending state court appeal from the challenged state court convictions. In response, petitioner acknowledged his pending state court appeal, but argued he is entitled to seek relief directly in this court because his claims have legal merit that warrant his release.

On January 3, 2007, the court dismissed the petition without prejudice, finding this showing was insufficient to establish that state court remedies were unavailable or ineffective under the circumstances. *See* 28 U.S.C. § 2254(b)(1)(§ 2254 habeas application "is not to be granted unless it appears the applicant has exhausted

state court remedies, or that such remedies are unavailable or ineffective under the circumstances").

Before the court is petitioner's motion to alter and amend that judgment.[1] Petitioner reargues the merit of his claims, and essentially contends delay in the state appellate process will void the relief he seeks in the correction of his release date.[2]

A motion to alter or amend provides the court with an opportunity to correct manifest errors of law or fact, hear newly discovered evidence, or consider a change in the law. Torre v. Federated Mut. Ins. Co., 862 F.Supp. 299, 300 (D.Kan. 1994). Having reviewed the record against this standard, the court finds petitioner has not identified any basis for modification of the final order and judgment entered in this matter. Nor has petitioner established an exception to the abstention doctrine in Younger v. Harris, 401 U.S. 37 (1971), wherein the Supreme Court held that federal courts should not intervene in a pending state criminal action when those proceedings offer an adequate forum for the

---

[1] Plaintiff certifies that he placed his pleading in the Sedgwick Adult Detention Center mail on January 12, 2007. Pursuant to the mailbox rule as articulated in Houston v. Lack, 487 U.S. 266, 270 (1988) and Price v. Philpot, 420 F.3d 1158, 1163-64 (10th Cir. 2005), plaintiff filed his motion within the ten day period provided for filing a motion to alter and amend under Fed.R.Civ.P. 59(e). See Van Skiver v. U.S., 952 F.2d 1241 (10th Cir. 1991) (distinguishing motion to alter and amend judgment, Fed.R.Civ.P. 59(e), from motion for relief from judgment, Fed.R.Civ.P. 60(b)), cert. denied 506 U.S. 828 (1992).

[2] Petitioner's state court appeal (Appeal No. 97613) is still pending, due in part to four extensions of time sought and obtained by petitioner after his filing of the instant action in federal court.

resolution of a criminal defendant's claims.  <u>Id</u>. at 43.

IT IS THEREFORE ORDERED that petitioner's motion (Doc. 8) to alter and amend the judgment entered in this matter is denied.

**IT IS SO ORDERED.**

DATED:  This 10th day of July 2007 at Topeka, Kansas.


               <u>s/ Sam A. Crow</u>
               SAM A. CROW
               U.S. Senior District Judge